O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD FREEDMAN, an individual,<br><br>         Plaintiff,<br><br>   v.<br><br>DEBORAH PECK, individually and in her capacity as trustee of BGI 3 TRUST; BGI TRUST, a Dubai trust; BGI 3 LIFE, INC., a Florida corporation; and PHILLIP LIAN, individually,<br><br>         Defendants. | Case No. CV 10-04447 DDP (FMOx)<br><br>[Motion filed on 08-13-10 #12] |

Presently before the court is Defendants Deborah Peck, BGI 3 Trust, and BGI 3 Life, Inc.'s motion to dismiss for lack of personal jurisdiction. After reviewing the parties' moving papers and hearing oral argument, the court denies the motion and adopts the following order.

**I.   Background**

Plaintiff Leonard Freedman ("Freedman") is an eighty-three year-old resident of California. (Compl. ¶ 1.) Freedman owned two

life insurance policies, and offered to sell the policies to Parcside Equity LLC, an entity controlled by Defendant Phillip Lian ("Lian"), a resident of New Jersey. (Id. ¶¶ 5,9,10.) Freedman later revoked the offer. (Id. ¶ 13.) Nevertheless, Lian executed the offer contract, obtained at least one of the policies, and transferred the policy to Defendant BGI Trust, a Florida trust.[1] (Id. ¶¶ 17, 20-21.) Defendant Peck is the Trustee of BGI Trust. (Id. ¶ 3.) Defendant Peck is also the sole officer, director, and agent of BGI Life 3, Inc., which is located and has its principal place of business in Florida. (Id. ¶¶ 4,40.)

Freedman and Parcside Equity LLC disputed ownership of the second life insurance policy in New York state court. (Id. ¶ 21.) When settlement discussions in the New York litigation broke down in May 2010, Lian and Peck transferred both policies to BGI 3 Life Inc. "in an attempt to frustrate the rescissionary relief sought by Freedman." (Id. ¶ 31.)

Freedman filed suit in this court on June 16, 2010, alleging conversion of his life insurance policies against Peck, BGI Trust, and BGI Life 3, Inc. (collectively, the "Peck Defendants). (Id. ¶¶ 37, 45.) The complaint also alleges that Lian aided and abetted the other defendants' wrongful acts. (Id. ¶¶ 50, 51.) The Peck Defendants now move to dismiss Freedman's complaint for lack of personal jurisdiction.

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a suit for lack of personal jurisdiction. The

---

[1] Freedman also asserts that BGI Trust is a "Dubai trust" that is "legally situated" in Florida. (Compl. ¶ 3.)

plaintiff has the burden of establishing that jurisdiction exists, but need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). "[U]ncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).

District courts have the power to exercise personal jurisdiction to the extent authorized by the law of the state in which they sit. Fed. R. Civ. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm statute authorizes personal jurisdiction coextensive with the Due Process Clause of the United States Constitution, see Cal. Civ. Code § 410.10, this Court may exercise personal jurisdiction over a nonresident defendant when that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The contacts must be of such a quality and nature that the defendants could reasonably expect "being haled into court there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).

**III. DISCUSSION**

Personal jurisdiction may be asserted on the basis of either general jurisdiction or specific jurisdiction. General jurisdiction exists over a non resident defendant when "the

defendant engages in 'continuous and systematic general business contacts' that 'approximate physical presence' in the forum state." Schwarzenegger, 374 F.3d at 801. Where a defendant is subject to a state's general jurisdiction, he "can be haled into court in that state in any action, even if the action is unrelated to those contacts." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

The Peck Defendants do not reside or do business in California. Memorandum in Support of Motion ("Mot.") at 1. Plaintiff implicitly concedes that general jurisdiction is lacking. Opposition to Motion to Dismiss ("Opp."), Dkt. No. 15 at 4.

Specific jurisdiction exists where a case arises out of forum-related acts. The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo! Inc. v. La Ligue Contre le Rascime, 433 F.3d 1199, 1205-06 (9th Cir. 2006). "If the plaintiff succeeds in satisfying both of

4

the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 452, 476-78 (1985)).

**1.   Purposeful Availment**

To satisfy the first prong of the specific jurisdiction inquiry, "[a] purposeful direction analysis . . . is most often used in suits sounding in tort." Schwarzenegger, 374 F.3d at 802 (internal citations omitted). The Ninth Circuit evaluates purposeful direction using a three-part test taken from the Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984). Id. at 803. "The effects test is satisfied if (1) the defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm that the defendant knew was likely to be suffered in the forum state." Love v. Associated Newspapers, Ltd., 611 F.3d 601, 609 (9th Cir. 2010).[2]

a.   Intentional Act

The "intentional act" element is satisfied where the intent is "to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." Schwarzenegger, 374 F.3d at 806. The Peck Defendants do not

---

[2] This court rejects the Peck Defendants' suggestion that the Calder effects test does not apply to conversion claims. Mot. at 7. The Ninth Circuit has explicitly held that the effects test applies to intentional tort cases. Dole Food, Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Contrary to Defendants' assertion, Schwarzenegger does not suggest that the effects test only applies to certain torts. Rather, Schwarzenegger differentiates torts based on the target of the wrongful conduct, and then only for the purpose of applying the "express aiming" prong of the Calder test. See Schwarzenegger, 374 F.3d at 807.

dispute that purchasing the insurance policies on Freedman's life was an intentional act. (Mot. at 9.)

### b. <u>Express Aiming</u>

The express aiming requirement is satisfied when defendant is alleged to have engaged in wrongful conduct individually targeted at a plaintiff whom the defendant knows to be a resident of the forum state. <u>Bancroft</u>, 223 F.3d at 1087. Without individual targeting, mere knowledge that a plaintiff resides in the forum state is not necessarily sufficient to confer jurisdiction, even if harm occurs in the forum state. <u>Schwarzenegger</u>, 374 F.3d at 807. In <u>Schwarzenegger</u>, the Ninth Circuit found that the defendant aimed an allegedly infringing advertisement exclusively at Ohioans, not Californians, and had not individually targeted the California plaintiff. <u>Id.</u> Accordingly, the court held that the express aim of the conduct was local to Ohio, and was not sufficient to satisfy the express aiming requirement. <u>Id.</u>

Here, in contrast, Freedman alleges not only that the Peck Defendants knew he was a resident of California, but also that Defendants converted the policies "in an attempt to frustrate the rescissionary relief sought by Freedman." (Compl. ¶ 31.) This alleged conduct was individually targeted at Freedman, whom the Peck Defendants knew to reside in California. The conduct was therefore expressly aimed at California.

### c. <u>Foreseeability</u>

Freedman alleges that the conversion interfered with his property rights in his life insurance policies and caused damages. (Compl. ¶ 45.) The Peck Defendants concede that such harm was foreseeable. (Mot. at 10.)

6

Therefore, Plaintiff has established a prima facie case for purposeful direction.

### 2. Arising Out Of

The "arising out of [element] is measured in terms of 'but for' causation." Bancroft, 223 F.3d at 1088. Plaintiff's claim arises out of the Peck Defendants' conversion of his life insurance policies, which is the conduct that was purposefully targeted at Plaintiff in California. Therefore, but for the Peck Defendant's forum-related activity, i.e. conversion of the life insurance policies, Plaintiff would not have a claim for conversion.

### 3. Reasonableness

To determine reasonableness, courts look to seven factors:

> (1) the extent of a defendant's purposeful interjection [into the forum]; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. No one factor is dispositive; a court must balance all seven.

Panavision, 141 F.3d at 1323 (internal citations omitted).

#### a. Purposeful Interjection

"Even if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction . . . ." Id. The Peck Defendants' acts were aimed at Plaintiff in California and harmed him there. Beyond that, it does not appear that the Peck Defendants have interjected themselves into California. In their motion, however, the Peck Defendants merely repeat their assertion that their conduct was not

7

directed toward California. (Mot. at 12.) Having rejected that argument, the court concludes that the interjection factor weighs in favor of Plaintiff, if only slightly. Compare Panavision, 141 F.3d at 1323 (finding that wrongful conduct targeted at California plaintiff, coupled with a letter sent to plaintiff in California, weighed strongly in favor of jurisdiction).

### b. Defendant's Burden in Litigating

"A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'" Id. While it is burdensome for the Peck Defendants to travel to California for trial and court appearances, "in this era of fax machines and discount air travel" requiring the Peck Defendants to litigate in California is not constitutionally unreasonable. Panavision, 141 F.3d at 1323. This factor does not weigh against the reasonableness of exercising jurisdiction.

### c. Sovereignty

The parties agree that state sovereignty is not at issue here, and that this factor does not affect the reasonableness inquiry in this case. (Mot. at 12, Response at 10.)

### d. Forum State's Interest

"California maintains a strong interest in providing an effective means of redress for its residents tortiously injured." Id. (quotation marks omitted). The Peck Defendants concede this point, but assert that California's interest is lessened because the wrongful conduct occurred elsewhere. (Mot. at 12). The court disagrees that the location of the conduct in any way lessens

1  California's interest in redressing injuries to its residents.
2  This factor weighs in Plaintiff's favor.

### e. Efficient Resolution

"This factor focuses on the location of the evidence and witnesses." Panavision, 141 F.3d at 1323. "It is no longer weighed heavily given the modern advances in communication and transportation." Id. Both parties assert that witnesses are scattered over at least three, and possibly up to five, states ranging across the country. (Mot. at 11, Response at 10.) Plaintiff expresses a desire to litigate in New York, and the Peck Defendants acknowledge that much of the evidence is already located there and that it would be "equally as efficient" to litigate in New York as in California. (Mot. at 11) Defendants do not, however, concede that New York has jurisdiction. (Id.) Therefore, this factor is probably neutral.

### f. Convenient & Effective Relief for Plaintiff

"In evaluating the convenience and effectiveness of relief for the plaintiff, [the Ninth Circuit has] given little weight to the plaintiff's inconvenience." Panavision, 141 F.3d at 1324. The burden on Freedman, an eighty-three year-old, is, however, somewhat higher than that on the corporate plaintiff in Panavision. Id. This factor is essentially neutral, and weighs only slightly in Plaintiff's favor.

### g. Alternative Forum

The Peck Defendants assert, and Plaintiff does not contest, that Florida is an available alternative forum. This factor weighs in favor of the Peck Defendants.

### h. Totality of the Circumstances

9

"Once purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable." Ziegler v. Indian River County, 64 F.3d 470, 476 (9th Cir. 1995) (quotation marks and emphasis omitted). It is the defendant's burden to overcome the presumption with a "compelling case" that the exercise of jurisdiction would be unreasonable. Schwarzenegger, 374 F.3d at 802. Here, only one of the seven reasonableness factors weighs in the Peck Defendants' favor. Accordingly, the court concludes that the exercise of jurisdiction is reasonable, and that this court has specific jurisdiction over the Peck Defendants.

**IV. CONCLUSION**

For the above reasons, the Peck Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

IT IS SO ORDERED.

Dated: September 21, 2010

DEAN D. PREGERSON
United States District Judge

10